IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CYNTHIA LENSKE                                                                                    PLAINTIFF

v.                                                                        CIVIL ACTION NO. 1:22-CV-53-SA-DAS

THE UNITED STATES OF AMERICA AND
WORRELL CONTRACTING CO., INC.                                                            DEFENDANTS

ORDER AND MEMORANDUM OPINION

On March 22, 2022, Cynthia Lenske initiated this civil action by filing her Complaint [1] against the United States of America, the U.S. Department of Veteran Affairs ("the VA"), and Worrell Contracting Co., Inc.[1] Now before the Court is the United States' Motion to Dismiss for Lack of Jurisdiction [15]. Having reviewed the parties' filings, as well as the applicable authorities, the Court is prepared to rule.

*Relevant Factual & Procedural Background*

On March 22, 2022, Cynthia Lenske filed a Complaint [1] against the United States for damages sustained on or about July 9, 2021. On that date, Lenske alleges she was driving northbound on Young Street in Corinth, Mississippi when a tree located on the property of Corinth National Cemetery fell and struck her vehicle, causing property damage and personal injuries. Lenske alleges that Corinth National Cemetery is administered by the United States and the VA, which contracts with Worrell Contracting to assist with maintenance of the property.

On July 29, 2022, the United States filed the present Motion to Dismiss for Lack of Jurisdiction [15]. The Motion [15] alleges that Lenske failed to exhaust her administrative

---

[1] Although Lenske initially named the VA as a Defendant in this action, the Court entered an Order [14] terminating the VA as a Defendant, specifically noting that "the United States of America is the only proper federal government defendant in a FTCA lawsuit." [14] at p. 1. Thus, the United States and Worrell Contracting are the only remaining Defendants.

remedies before filing suit, as required by the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2675. The United States alleges: (1) that Lenske failed to provide sufficient information for the VA to investigate her claim because she submitted an incomplete Standard Form 95 ("SF95") and did not follow the form's instructions; and (2) that Lenske failed to place a value on her claim.[2]

In Response [22], Lenske asserts that she "satisfied the administrative claim prerequisite of 28 U.S.C. § 2675 because she adequately put the V.A. on notice to investigate her claims and assigned value to her claims." [23] at p. 1. Lenske contends that the VA sent her a letter stating it had "thoroughly investigated" her claim, denying liability, and advising her that she could file suit. Therefore, Lenske concludes, she exhausted her administrative remedies and proceeded to file suit as instructed in the denial letter.

*Motion to Dismiss Standard*

Federal Rule of Civil Procedure 12(b)(1) governs motions to dismiss for lack of subject matter jurisdiction. A claim should be dismissed for lack of subject matter jurisdiction "when the court lacks the statutory or constitutional power to adjudicate the claim." *In re FEMA Trailer Formaldehyde Products Liab. Litig.*, 668 F.3d 281, 286 (5th Cir. 2012) (citations omitted). "In assessing whether there is jurisdiction, courts may consider: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Joiner v. United States*, 955 F.3d 399, 403 (5th Cir. 2020) (citing *Tsolmon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016)).

Motions to dismiss for lack of jurisdiction should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief.

---

[2] The United States concedes that some information was provided as to Lenske's property damage claim but argues that the information provided was inadequate.

*Home Builders Ass'n of Miss., Inc. v. City of Madison, Miss.*, 143 F.3d 1106, 1010 (5th Cir. 1998) (citing *Benton v. U.S.*, 960 F.2d 19, 21 (5th Cir. 1992)). The party asserting jurisdiction bears the burden of proving that jurisdiction exists. *Cell Science Systems Corp. v. La. Health Service*, 804 F. App'x 260, 262 (5th Cir. 2020) (citing *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001)).

*Analysis and Discussion*

Under the doctrine of sovereign immunity, the government cannot be sued without its permission. *United States v. Mitchell*, 463 U.S. 206, 212, 103 S. Ct. 2961, 77 L. Ed. 2d 580 (1983). The FTCA partially waives sovereign immunity and allows the United States to be sued in tort for injuries resulting from the negligent or wrongful acts of its employees acting within the scope of their employment. 28 U.S.C. § 2679. The FTCA provides certain "terms and conditions" on which suit may be instituted. *See Gregory v. Mitchell*, 634 F.2d 199, 203 (5th Cir. 1981). Under Section 2675(a), suit shall not be filed "unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing[.]"

Section 2675(a) contains two elements. *See Romulus v. United States*, 983 F. Supp. 336, 343 (E.D. N.Y. Mar. 28, 1997) (discussing the elements). First, a plaintiff must present *notice* of her claim to the appropriate federal agency. 28 U.S.C. § 2675(a). Second, only after the agency has denied the claim or failed to act on it for six months may a plaintiff file suit in federal court. *Id.*[3] Exhaustion of this administrative remedy is a jurisdictional prerequisite to a suit under the

---

[3] A tort claim against the United States is "forever barred" unless the appropriate federal agency receives section 2675(a)'s required notice within two years after the claim accrues. When the agency denies the claim, suit may be filed in federal court within six months of the mailing of notice of the agency's final denial. 28 U.S.C. § 2401(b).

3

FTCA. *McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (citing *Rise v. United States*, 630 F.2d 1068, 1071 (5th Cir. 1980)).

Section 2675(a)'s notice requirement has two sub-elements. Specifically, "[a] claimant satisfies section 2675's notice requirement if he or she '(1) gives the agency written notice of his or her claim sufficient to enable the agency to investigate and (2) places a value on his or her claim.'" *Adams v. United States*, 615 F.2d 284, 289 (5th Cir. 1980), *decision clarified on denial of reh'g*, 622 F.2d 197 (5th Cir. 1980). The written notice requirement is "minimal," and "[a]n agency's demand for anything more than a written and signed statement setting out the manner in which the injury was received, enough details to enable the agency to begin its own investigation[,] and a claim for money damages is unwarranted and unauthorized." *Id*. at 289, 292.

"[I]n enacting the notice requirement, Congress sought to 'ease court congestion and avoid unnecessary litigation, while making it possible for the Government to expedite the fair settlement of tort claims asserted against the United States.'" *Adams*, 515 F.2d at 288 (citing S.Rep.No.1327, 89th Cong., 2d Sess. 6, reprinted in (1966) U.S. Code Cong. & Admin News, pp. 2515, 2516).

In *Montoya v. United States*, 841 F.2d 102 (5th Cir. 1988), a case factually similar to the case at hand, the Fifth Circuit found that the plaintiff did not satisfy Section 2675(a)'s notice requirement. In *Montoya*, the plaintiff and her three children were in a motor vehicle accident where the at-fault vehicle was driven by an employee of the Immigration and Naturalization Service ("INS"). *Id*. at 103. Montoya's counsel wrote a letter to INS that advised generally of each claimant's injuries (e.g. "whiplash," "injuries to her shoulder") and stated that Montoya sustained property damages "in excess of $1,500." *Id*. The letter concluded that each claimant's injuries would "be known in better detail once medical examinations have been completed." *Id*. at 104. INS then forwarded claimants' counsel copies of the SF95 for each claimant with a request that

4

they be executed and returned along with documentation supporting the injuries. *Id*. One year passed with no response from claimants' counsel. *Id*. In November 1985, INS again wrote counsel, warning that if it received no reply within 30 days it would close the file. *Id*. Counsel did not respond and instead filed suit in July 1986. *Id*. The district court dismissed the case for failure to pursue administrative remedies. On appeal, the Fifth Circuit affirmed and held that counsel's letter did not satisfy section 2675's notice requirement because it did not specify a sum for the personal injury claims. *Id*. at 105.

Particularly pertinent to the case sub judice is the *Montoya* court's holding that while the government preferred the claims to be made on the SF95 application, "this circuit's precedents are more expansive, permitting notice in the form of a letter, or a letter with attachments." *Id*. at 104. (citing *Williams v. United States*, 693 F.2d 555 (5th Cir. 1982); *Crow v. United States*, 631 F.2d 28 (5th Cir. 1980)) (additional citations omitted).

As an initial matter, considering the Fifth Circuit's holding in *Montoya*, this Court rejects the United States' argument that Lenske's claim should be dismissed solely because she did not strictly comply with the form's instructions. The Court will evaluate the sufficiency of Lenske's notice by examining its content—not its form. *See, e.g., Williams*, 693 F.2d at 558 (finding the plaintiff's state-court complaint provided the agency with sufficient notice under Section 2675); *Molinar v. United States*, 515 F.2d 246 (5th Cir. 1975) (finding the plaintiff's letter and attached receipts, even those unrelated to the claim, to be sufficient notice under Section 2675).

Against this backdrop, the Court turns to the question of whether Lenske's notice was sufficient under Section 2675(a). As noted above, a claimant satisfies Section 2675(a)'s notice requirement when she (1) gives the agency written notice of her claim sufficient to enable the agency to investigate and (2) places a value on her claim. *Adams*, 615 F.2d at 289.

5

Although Lenske submitted written notice of her claim, the United States argues the notice was insufficient due to Lenske's failure to strictly comply with the SF95 instructions and place a value on her claim. The United States provided the following instructions from the form:

> A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMAINT, HIS DULYAUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTEDSTANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF ANINCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.
>
> The amount claimed should be substantiated by competent evidence as follows:
>
> (a) In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of the treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.
>
> (c) In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of the purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferable reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.
>
> (d) **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

[16] at p. 2; *see also* [15], Ex. 2. at p. 2 (exemplar SF95) (emphasis in original).

Describing Lenske's submission to the VA, the United States contends that Lenske submitted an "incomplete and unsigned" SF95 on August 10, 2021. [16] at p. 1-2.[4] The United States contends that Lenske neglected to follow the SF95 instructions when she did not fill in every blank, attach sufficient supporting documentation, or specify a certain sum of damages on the form. Instead, as stated by the United States, "[t]he cover correspondence from Ms. Phipps states that she will provide information about her client's personal injury claim in the future and demands $6,000 for the property damage claim." [16] at p. 3.[5] As to the personal injury portion of her claim, the United States argues that, although Lenske indicated that she suffered "damage and surgery to knee, possible head injury, back injury" on the SF95 form, she did not comply with SF95 subpart (a), which requests the submission of documents to substantiate the personal injury claim. [16] at p. 3. The United States emphasizes that Lenske included no documentation whatsoever to support her claim.

As to the property damage portion of her claim, the United States admits that Lenske provided *some* information: an indication on the SF95 that her 2005 Chevy Trailblazer was destroyed, body shop statements indicating the vehicle was a total loss, and internet market value print outs. The internet market print outs "then valued the vehicle anywhere from $1,575 to $4,875." [16] at p. 3. And again, the cover letter demanded $6,000 for the property damage claim. However, the United States contends that Lenske did not fully complete this portion of the form and that her notice is therefore insufficient. Alternatively, the United States contends that the Court should place a $6,000 cap on Lenske's property damage claim.

---

[4] The United States attaches an affidavit of a Paralegal Specialist at the VA, stating that the SF95 submitted on August 10, 2021, was the only SF95 received regarding this claim. [15], Ex. 1.
[5] For the sake of clarity, the Court notes that Phipps was Lenske's previous counsel. She no longer represents Lenske in this matter.

On the other hand, Lenske attempts to simplify the issue—specifically arguing that Section 2675(a) is satisfied because she provided written notice to the VA and because she received a final denial before initiating this lawsuit. As to the personal injury portion of her claim, she emphasizes that her letter to the VA explained that she "had sustained injuries and medical expenses" but noted that she was still undergoing medical treatment at that time and the letter would be supplemented. Concerning the property damage portion, she notes that the letter clearly stated that the $6,000 figure was offered as a compromise and therefore should not be construed as a cap on her claim.

Lenske further emphasizes that the VA's denial letter dated September 23, 2021, clearly indicates that the agency has "'thoroughly investigated the facts and circumstances surrounding the administrative tort claim [she] filed' and concluded that no negligent or wrongful act had occurred on behalf of an employee of the V.A., working within the scope of his employment, that caused Plaintiff compensable harm." *Id*. The letter further states: "If you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA[.]" [22], Ex. B at p. 1. Lenske argues the letter proves the VA received sufficient notice to "thoroughly investigate" the claim. She further argues that she only filed this lawsuit after receiving a letter directly from the VA directing her to do so. Therefore, Lenske avers, she presented notice of her claim and received a denial of her claim—both prerequisites for suit under Section 2675(a).

As the first sub-element of the notice requirement, one could argue Lenske provided sufficient information for the VA to investigate her claim because the agency mailed its denial letter just 44 days after Lenske mailed notice of her claim, stating that the claim had been "thoroughly investigated" and denying liability. [22], Ex. 2 at p. 1. On the other hand, Lenske provided scant information on her personal injuries. *See Blackmon v. United States*, 2021 WL 4254863, at *1 (S.D. Miss. Sept. 17, 2021) (finding plaintiff's notice inadequate where she

8

provided generalized descriptions of her injuries and failed to supplement the information upon the agency's request).

However, setting that issue aside, even if the Court assumed the VA received written notice sufficient to investigate the claim, Lenske's failure to place a value on her personal injury claim is dispositive. *See, e.g., Barber v. United States*, 642 F. App'x 411, 415 (5th Cir. 2016) (unpublished) (citing 38 C.F.R. § 14.604 (b); *Montoya*, 851 F.2d at 104) ("Even assuming we construe Barber's unsigned 38 U.S.C. § 1151 claim as a notice of claim under the FTCA, it does not state any dollar amount and therefore is not 'a claim for money damages, in a sum certain.'") "[T]imely presentation of a claim *including 'a sum certain'* is a jurisdictional requirement, absent compliance with which the courts have no jurisdiction to entertain the suit under the Federal Tort Claims Act." *Martinez v. United States*, 728 F.2d 694, 697 (5th Cir. 1984) (citing *Wardsworth v. United States*, 721 F.2d 503, 505-06 (5th Cir. 1981)) (emphasis added). Though "substantial compliance with the requirement has been liberally construed, so that the absence of a formal statement of a sum certain in the claim has not defeated court jurisdiction," here, Lenske provided no monetary figure whatsoever regarding damages for her personal injury claim. *Id*. Therefore, Lenske has not complied with Section 2675(a)'s notice requirement, and her claim against the United States must be dismissed.

Although reaching this conclusion, the Court feels compelled to address Lenske's policy arguments. Lenske contends that "precluding Plaintiff from pursuing her claims through litigation after she made a good faith effort to comply with the administrative prerequisite of 28 U.S.C. § 2675 would be a disservice" to the fairness purpose of the statute." [21] at p. 7. She asserts that "[i]t would be unfair to punish the Plaintiff because her SF95 was only minimally lacking in information." *Id*.

9

Relatedly, Lenske's argument in favor of jurisdiction relies heavily on the fact that the VA plainly denied her claim (suggesting it received sufficient information) and advised her she could file suit. The letter denied the claim on the basis that a contractor maintains the cemetery, not the government. [22], Ex. 2 at p. 1. The letter then advises as follows:

> If you are dissatisfied with the denial of your claim, you may file suit directly under the FTCA, 28 U.S.C. §§ 1346(b) and 2671-2680. The FTCA provides that when an agency denies the administrative tort claim, the claimant may seek judicial relief in a Federal district court. The claimant must initiate the suit within six months of the mailing of this notice as shown by the date of this denial (28 U.S.C. § 2401 (b)).

[22], Ex. 2 at p. 1-2. In other words, she only filed this lawsuit after the VA advised her to do just that.

The Court certainly acknowledges the predicament this letter created for Lenske. In *State Farm Mutual Automobile Insurance Co. v. United States*, 326 F. Supp. 2d 407, 410 (E.D. N.Y. July 23, 2004), as in the case at bar, the Navy denied the plaintiff's claim for a reason unrelated to Section 2675(a)'s notice requirement. As in the case at bar, the Navy's denial letter advised that the plaintiff could file suit in federal court within six months of the mailing of the letter. *Id*. at 417. Though the issue presented in *State Farm* differed from the issue before this Court, the court's opinion notably stated, "This direct reference to the language of the FTCA indicates that this is the final denial for the purpose of filing suit under § 2675. It would be unfair to punish a plaintiff for relying on the agency's own clear statement that its written denial triggers the 'window of opportunity' to file suit." *Id*.

The Court appreciates that the decision herein creates, at least to some extent, the appearance of unfairness (referenced by both Lenske and the *State Farm* court) because Lenske relied on the VA's statement that she could proceed to file suit. However, there is an important

10

factual distinction between *State Farm* and the case at bar. In *State Farm*, the court found the plaintiff had satisfied Section 2675(a)'s notice requirement prior to receiving the final denial letter that permitted her to file suit. Here, Lenske failed to satisfy the notice requirement because, as noted above, she did not place any monetary figure whatsoever on her personal injury claim.

As explained above, Section 2675(a) provides two elements that must be satisfied before filing suit under the FTCA. A claimant must present adequate notice of her claim to the appropriate federal agency. 28 U.S.C. § 2675(a). After the agency has denied the claim, a plaintiff may file suit in federal court. *Id*. The agency did in fact deny Lenske's claim in this instance, but Lenske did not first present sufficient notice of her claim to the agency. Therefore, this Court clearly lacks jurisdiction, pursuant to the plain language of the statute.

However, despite being bound to dismiss Lenske's claims, the dismissal will be *without prejudice* so that she can complete the administrative process and, if her claim is denied, refile her claims against the United States.

*Conclusion*

For the reasons set forth above, the United States' Motion to Dismiss for Lack of Jurisdiction [15] is GRANTED. Lenske's claims against the United States are hereby dismissed *without prejudice*. The Clerk of Court is directed to terminate the United States as an active Defendant in this action.

SO ORDERED, this the 30th day of September, 2022.

/s/ Sharion Aycock  
UNITED STATES DISTRICT JUDGE